SO ORDERED: August 30, 2006.



_____
Anthony J. Metz III
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: Terri M. Reddy, | ) Case No.: 05-10142-AJM-7 |
| Debtor | ) |
| _____ | ) |
| Clifford W. Shepard, Plaintiff, | ) Adversary Proceeding No. 05-414 |
| vs. | ) |
| Terri M. Reddy, Defendant. | ) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

This adversary proceeding came before the Court for trial upon Plaintiff's Complaint For Determination Of Dischargeability Of Debt. Defendant has not filed an Answer.

This cause was tried before the Court on August 17, 2006. Plaintiff appeared in person and by counsel, Jeffrey K. Eicher. Defendant failed to appear.

1

The Court heard the opening statement of counsel. The single witness called was the Plaintiff. The Court, pursuant to FED.R.BANKR. P. 7052(a), having reviewed the evidence, the pleadings, and being otherwise duly advised, now enters the following specific Findings Of Fact, Conclusions Of Law, and Entry Of Judgment:

## I. FINDINGS OF FACT

**1.** Plaintiff filed his Complaint for determination of dischargeability of debt on September 13, 2005. The Complaint sought to find as non-dischargeable a debt represented by a judgment obtained by Plaintiff against Defendant in the case captioned *Clifford W. Shepard vs. Terri M. Reddy,* Marion Superior Court, Civil Division, Room 2, Cause Number 49D02-0306-CT-001030.

**2.** Each allegation of fact in the Plaintiff's Complaint herein is taken as true.

**3.** On October 19, 2005, in response to receiving service of the Complaint and Summons in this matter, Defendant filed a letter, in which she offered to make payment arrangements.

**4.** Defendant was served, by personal service, with the summons and complaint in this matter but has not filed an Answer in this case. The time within which Defendant had to file a response to the Complaint has expired.

**5.** Defendant was formerly employed by Plaintiff.

**6.** During Defendant's employment with Plaintiff, Defendant requested a loan of $500.

**7.** Plaintiff made Defendant such loan, without interest, subject to a written

repayment schedule.

**8.**  Plaintiff later fired Defendant for cause.

**9.**  At the time Plaintiff fired Defendant for cause, Defendant had not repaid any portion of the $500 loan.

**10.**  Plaintiff contacted Defendant and asked whether, as discharge of and in lieu of paying back the $500 loan, she would be interested in endorsing back to Plaintiff a $500 paycheck.  To accomplish this substitution, Defendant agreed to endorse a $500 paycheck back to Plaintiff.   The effect of this would be to turn the $500 non-deductible loan into a deductible severance payment.

**11.**  Defendant improperly took money from Plaintiff in the amount of five hundred dollars ($500) with the clear intent to deprive Plaintiff of some part of its value. Ms. Reddy cashed a checked and kept the proceeds therefrom when she had no legal interest whatever in the check or the proceeds therefrom.

**12.**  Plaintiff filed his state court lawsuit against the Defendant on June 16, 2003.

**13.**  The Complaint and Summons were served upon the Defendant on June 18, 2003 at 12:49 P.M. by personal service upon the Defendant.

**14.**  Defendant failed to respond to the Plaintiff's Complaint and no further proceedings were undertaken by Defendant and the time within which to do so was extended by the Court.

**15.**  Defendant is not an infant or mentally incompetent or on active duty in the military service.

**16.** INDIANA CODE 35-43-4-3 **Conversion** provides

> A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

**17.** INDIANA CODE 35-43-4-1 **Definitions** provides

> (a) As used in this chapter, "exert control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property.
> (b) Under this chapter, a person's control over property of another person is "unauthorized" if it is exerted:
> (1) without the other person's consent;
> (2) in a manner or to an extent other than that to which the other person has consented;
> (3) by transferring or encumbering other property while failing to disclose a lien, adverse claim, or other legal impediment to the enjoyment of that other property;
> (4) by creating or confirming a false impression in the other person;
> (5) by failing to correct a false impression that the person knows is influencing the other person, if the person stands in a relationship of special trust to the other person;
> (6) by promising performance that the person knows will not be performed . . . .

**18.** The state court action against Defendant was one covered by INDIANA CODE 34-24-3-1 **Damages for property loss caused by criminal act** as Defendant's acts constituted a violation of INDIANA CODE 35-43-4-3.

**19.** INDIANA CODE 34-24-3-1 provides

> If a person suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times the person's actual damages.
> (2) The costs of the action.
> (3) A reasonable attorney's fee.

> (4) Actual travel expenses that are not otherwise reimbursed under subdivisions (1) through (3) and are incurred by the person suffering loss to:
> (A) Have the person suffering loss or an employee or agent of that person file papers and attend court proceedings related to the recovery of a judgment under this chapter; or
> (B) Provide witnesses to testify in court proceedings related to the recovery of a judgment under this chapter.
> (5) A reasonable amount to compensate the person suffering loss for time used to:
> (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or
> (B) Travel to and from activities described in clause (A).
> (6) Actual direct and indirect expenses incurred by the person suffering loss to compensate employees and agents for time used to:
> (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or
> (B) Travel to and from activities described in clause (A).
> (7) All other reasonable costs of collection.

**20.** The subject matter of the state court lawsuit was Defendant's endorsement and negotiation of a check in which she had no right, title, or interest.

**21.** Based upon the special relationship (employer-employee) that existed at the inception of the debt being incurred by Defendant and her misrepresentations which Plaintiff reasonably relied upon, to his detriment, and Defendant's other misrepresentations, the state Court found that an appropriate award of damages was $1,000, an amount equal to twice the damages actually sustained. The Court had before it evidence upon which an award of treble damages could be sustained; therefore, an award of double damages was well within the Court's discretion.

**22.** The undisputed evidence before the state court demonstrated that the damages complained of herein were premised upon Defendant's acts of converting Plaintiff's money, that such conversion was facilitated by Defendant's use of false

pretenses or false representations or actual fraud and that Defendant's acts constituted a willful injury by Defendant to the property of Plaintiff.

**23.**    The state court entered judgment in favor of Plaintiff and against defendant.  That judgment has never been modified or vacated and remains in full force and effect.  Ms. Reddy has paid a total of $25 towards said judgment.

## II.  CONCLUSIONS OF LAW

**1.**  This Court is vested with jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(f).

**2.**  All findings of fact are incorporated by reference as conclusions of law, and all conclusions of law are incorporated by reference as findings of fact.

**3.**  The exclusive issue before the Court is whether the indebtedness owed by Defendant to Plaintiff as a result of the state court judgment referenced in Plaintiff's Complaint is within the exceptions to discharge of 11 U.S.C. § 523(a)(2) and is consequently nondischargeable.

**4.**  The Plaintiff bears the burden of proving by a preponderance of the evidence that the debt owed to him by the Defendant is nondischargeable.

**5.**  The state court found that the Defendant had made false representations that she would only endorse the $500 check back to the Plaintiff and return the $500 check to the Plaintiff after endorsing it in full discharge of the $500 loan made to her by the Plaintiff.  Instead, she not only endorsed the check but also negotiated it and converted it to her own use.  The state court also found that the Defendant used false pretenses, false representations or actual fraud to obtain the $500 check and that the Plaintiff reasonably relied on such false statements to his detriment and as a result was damaged in the amount of $1000.

**6.**  Having contained all the necessary elements to be proven under §523(a)(2), the state court judgment is res judicata as to the issue of dischargeability of the debt under §523(a)(2).

**7.**  The indebtedness owed by Defendant to Plaintiff as a result of the state court judgment is squarely within the exceptions to discharge of 11 U.S.C. § 523(a)(2), and the subject debt is consequently nondischargeable.

### III.  ENTRY OF JUDGMENT

This adversary proceeding came before the Court for trial upon Plaintiff Clifford W. Shepard's Complaint For Determination Of Dischargeability Of Debt, which action was brought pursuant to 11 U.S.C. § 523(a)(2).

The Court, having entered its findings of fact and conclusions of law, and being otherwise duly advised, now ORDERS, ADJUDGES, AND DECREES as follows:

**1.**  Judgment is entered in favor of Plaintiff and against Defendant on Plaintiff's Complaint For Determination Of Dischargeability Of Debt.

**2.**  The indebtedness owed by Defendant to Plaintiff as a result of the state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

# # #

**Distribution:**

| | | |
|---|---|---|
| Clifford W. Shepard | United States Trustee | Terri M. Reddy |
| Attorney at Law | U.S. Bankruptcy Court | 248 Demarest Dr. |
| 2325 West Washington Street | 101 West Ohio Street, Suite 1000 | Indianapolis, Indiana 46214 |
| Indianapolis, Indiana 46222-4256 | Indianapolis, Indiana 46204 | |

| | | |
|---|---|---|
| Jeffrey K. Eicher | Steven J. Halbert | Terri M. Reddy |
| Attorney at Law | Attorney at Law | Coquina Key Lane, Apt D |
| 3836 N. Forest Ln. | 8650 N Commerce Park Place | Indianapolis, Indiana 46224 |
| Greenfield, IN 46140 | Suite N | |
| | Indianapolis, IN 46268 | Terri M. Reddy |
| | | 526 N. Goodlet Avenue |
| | Ellen Fujawa | Indianapolis, Indiana 46222 |
| | Attorney at Law | |
| | Post Office Box 526 | |
| | Greenwood, IN 46142 | |
| | | |
| | David A. Pogue | |
| | 1730 East Hoffer Street | |
| | Kokomo, IN 46902 | |